JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6967
   Facsimile:  (415) 436-6748
   Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

STEPHEN J. DUGGAN
Law Offices
250 Healdsburg Ave., Suite 201
Healdsburg, CA 95448
707.473.2800
707.473.2801 (fax)
www.sjduggan-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MARTHA A. OUTLAW, | ) | No. C 09-3262 MMC |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND [PROPOSED]** |
| | ) | **PROTECTIVE ORDER RE:** |
| v. | ) | **CONFIDENTIALITY** |
| | ) | |
| JOHN E. POTTER, Postmaster General of | ) | |
| the United States, | ) | |
| | ) | |
| Defendant. | ) | |

    Subject to the approval of this Court, plaintiff Martha A. Outlaw and defendant John E. Potter, by and through their undersigned counsel, hereby stipulate to the following protective order:

    The parties agree that entry of the following protective order is necessary in order to: (1) facilitate discovery of information without document by document controversy concerning confidentiality; (2) protect employees of the United States Postal Service from undue annoyance, embarrassment, oppression, burden and expense resulting from public disclosure or use for

purposes other than this litigation of confidential information that the parties will disclose in discovery; and (3) avoid violation of the Privacy Act as codified at 5 U.S.C. §522a. The parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

## **STIPULATED ORDER**

All documents obtained from defendant in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including initial disclosure requirements, that are contained within any EEO file, MSPB file, medical file, injury compensation file, or any personnel file of any person other than the plaintiff (the "Documents") shall be subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorney employed by plaintiff and the attorney's staff; (b) the parties; (c) actual or potential third-party witnesses; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; (f) stenographic deposition reporters; and (g) other persons whom the parties mutually agree upon in writing;

3. There shall be no reproduction of the Documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of plaintiff's attorney of record during the pendency of the litigation;

5. Upon final determination of this litigation, including all appeals, all of the Documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel. Notwithstanding this paragraph, however, the plaintiff's attorney may retain one copy of each pleading and other document filed with the Court that contains any of the Documents covered by this Order.

Furthermore, nothing in this paragraph shall be construed to require plaintiff or her attorney to turn over any attorney work-product; and

    6.  This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action.  The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

**IT IS SO STIPULATED.**

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney

December 22, 2009                    ___/s/ Jennifer S Wang___
                                      JENNIFER S WANG
                                      Assistant United States Attorney
                                      Attorneys for Defendant

December 21, 2009                    ___/s/ Stephen Duggan___
                                      STEPHEN DUGGAN
                                      Attorney for Plaintiff

**APPROVED AND SO ORDERED**.

DATED:  December 23, 2009                          
                                      MAXINE M. CHESNEY
                                      United States District Court Judge