1 JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
2 JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
3 JENNIFER S WANG (SBN 233155)
Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, CA 94102-3495
   Telephone: 415 436-6967
6  Fax: 415 436-6748
   Email: jennifer.s.wang@usdoj.gov
7
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTHA A. OUTLAW,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br><br>Defendant. | Docket No. C09-3262 MMC<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 633a;

WHEREAS, Plaintiff has filed the following administrative EEO complaints with the United States Postal Service: 4F-940-0156-08;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this

1  Agreement, and other good and valuable consideration, receipt of which is hereby
2  acknowledged, the Parties agree as follows:

3      1. **Settlement Amount**. In full and final settlement of all claims in connection with the
4  above-captioned action, defendant shall pay Plaintiff a total sum of Forty Seven-Thousand,
5  Five Hundred ($ 47,500.00) dollars ("Settlement Amount"). There shall be no withholding
6  from this amount. Plaintiff understands that this payment will be reported to the Internal
7  Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this
8  payment is a matter solely between Plaintiff and the IRS. The check will be made payable to
9  "Client Trust Account of Stephen J. Duggan (Martha Outlaw)," and will be mailed to Plaintiff
10 in care of her counsel. Plaintiff and her attorney have been informed that payment of the
11 Settlement Amount may take sixty (60) days or more to process.

12     2. **Release**. In consideration of the payment of the Settlement Amount and the other
13 terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever
14 discharges Defendant, the United States Postal Service, and any and all of their past and
15 present officials, agents, employees, attorneys, insurers, their successors and assigns, from any
16 and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any
17 kind and nature whatsoever, including claims arising under the Age Discrimination in
18 Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity,
19 known or unknown, or omitted prior to the date she executes this Agreement, which arise from
20 or relate to her employment with the United States Postal Service.

21     3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full
22 satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's
23 counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's
24 administrative and district court complaints in connection with the above-captioned action, and
25 any other EEO administrative proceedings which are currently pending.

26     4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other
27 terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this
28 agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice,

all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with

respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**. The signatories to this Agreement have actual authority to bind the parties.

14. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**. Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement. Plaintiff acknowledges that she has up to twenty-one (21) calendar days from the date she receives this Agreement to review and consider this Agreement, discuss it with an attorney of her choice, and decide to sign it or not sign it, although she may accept or

1 | return it to Defendant's counsel at any time within those twenty-one (21) days. Once Plaintiff
2 | signs and dates this Agreement she will have seven (7) days in which to revoke her acceptance.
3 | To revoke, Plaintiff must send a written statement of revocation which should be mailed and
4 | faxed to:

Jennifer S Wang
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Fax: (415) 436-6748

Plaintiff understands that if she revokes, this Agreement shall have no effect. If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the Plaintiff signs and dates this Agreement. Plaintiff is advised to consult her attorney about the Agreement.

DATED: x 2/2/2010

　　　　　　　　　　　　　　　　x _____
　　　　　　　　　　　　　　　　MARTHA OUTLAW
　　　　　　　　　　　　　　　　Plaintiff

DATED: 01-30-2010

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　STEPHEN J. DUGGAN
　　　　　　　　　　　　　　　　Plaintiff's Attorney

DATED: 2/4/10

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JENNIFER S WANG
　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February 10, 2010

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HON. MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　United States District Judge