1 | JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
2 | JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
3 | JENNIFER S WANG (SBN 233155)
Assistant United States Attorney
4 |
5 | 450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: 415 436-6967
6 | Fax: 415 436-6748
Email: jennifer.s.wang@usdoj.gov
7 |
Attorneys for Defendant
8 |
UNITED STATES DISTRICT COURT
9 |
NORTHERN DISTRICT OF CALIFORNIA
10 |
SAN FRANCISCO DIVISION
11 |

12 | MARTHA A. OUTLAW,                     Docket No. C09-3262 MMC

13 |                        Plaintiff,

14 | v.                                   **STIPULATION AND AGREEMENT OF**
                                         **COMPROMISE AND SETTLEMENT**
15 | JOHN E. POTTER,                      **AND [PROPOSED] ORDER**

16 |                        Defendant.

17 |        IT IS HEREBY STIPULATED by and between the parties, after full and open

18 | discussion, that this action be settled and compromised on the following terms:

19 |        WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil

20 | Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, the Rehabilitation Act of 1973, and the

21 | Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 633a;

22 |        WHEREAS, Plaintiff has filed the following administrative EEO complaints with the

23 | United States Postal Service: 4F-940-0156-08;

24 |        WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and

25 | controversy and to settle and compromise fully any and all claims and issues that have been

26 | raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which

27 | have transpired prior to the execution of this Agreement;

28 |        NOW, THEREFORE, in consideration of the mutual promises contained in this

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C09-3262 MMC

1   Agreement, and other good and valuable consideration, receipt of which is hereby
2   acknowledged, the Parties agree as follows:

3       1. **Settlement Amount**. In full and final settlement of all claims in connection with the
4   above-captioned action, defendant shall pay Plaintiff a total sum of Forty Seven-Thousand,
5   Five Hundred ($ 47,500.00) dollars ("Settlement Amount"). There shall be no withholding
6   from this amount. Plaintiff understands that this payment will be reported to the Internal
7   Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this
8   payment is a matter solely between Plaintiff and the IRS. The check will be made payable to
9   "Client Trust Account of Stephen J. Duggan (Martha Outlaw)," and will be mailed to Plaintiff
10  in care of her counsel. Plaintiff and her attorney have been informed that payment of the
11  Settlement Amount may take sixty (60) days or more to process.

12      2. **Release**. In consideration of the payment of the Settlement Amount and the other
13  terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever
14  discharges Defendant, the United States Postal Service, and any and all of their past and
15  present officials, agents, employees, attorneys, insurers, their successors and assigns, from any
16  and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any
17  kind and nature whatsoever, including claims arising under the Age Discrimination in
18  Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity,
19  known or unknown, or omitted prior to the date she executes this Agreement, which arise from
20  or relate to her employment with the United States Postal Service.

21      3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full
22  satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's
23  counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's
24  administrative and district court complaints in connection with the above-captioned action, and
25  any other EEO administrative proceedings which are currently pending.

26      4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other
27  terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this
28  agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice,

1    all claims asserted in this Action or any claims that could have been asserted in this Action.

2    The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be

3    filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

4         5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code

5    Section 1542 are set forth below:

6             "A general release does not extend to claims which the creditor
                 does not know or suspect to exist in his or her favor at the time

7             of executing the release, which if known by him or her must have
                 materially affected his or her settlement with the debtor."

8

9    Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her

10    attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any

11    and all rights she may have pursuant to the provision of that statute and any similar provision

12    of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the

13    liability of the government for damages pertaining thereto are found hereinafter to be other than

14    or different from the facts now believed by them to be true, this Agreement shall be and remain

15    effective notwithstanding such material difference.

16         6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and

17    complete defense to any subsequent action or other proceeding involving any person or party

18    which arises out of the claims released and discharged by the Agreement.

19         7. **No Admission of Liability**. This is a compromise settlement of a disputed claim

20    and demand, which settlement does not constitute an admission of liability or fault on the part

21    of the Defendant, the United States Postal Service, or any of their past and present officials,

22    agents, employees, attorneys, or insurers on account of the events described in Plaintiff's

23    complaints in these actions.

24         8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff

25    or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or

26    Plaintiff's counsel shall be solely responsible for paying any such determined liability from any

27    government agency thereof.

28         9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with

1    respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind

2    the Agreement and pursue her original causes of action.  Plaintiff's sole remedy in such a

3    dispute is an action to enforce the Agreement in the United States District Court for the

4    Northern District of California.

5         10.  **Construction**.  Each party hereby stipulates that it has been represented by and has

6    relied upon independent counsel in the negotiations for the preparation of this Agreement, that

7    it has had the contents of the Agreement fully explained to it by such counsel, and is fully

8    aware of and understands all of the terms of the Agreement and the legal consequences thereof.

9    For purposes of construction, this Agreement shall be deemed to have been drafted by all

10   Parties to this Agreement and shall not, therefore, be construed against any Party for that reason

11   in any subsequent dispute.

12        11.  **Severability**.  If any provision of this Agreement shall be invalid, illegal, or

13   unenforceable, the validity, legality, and enforceability of the remaining provision shall not in

14   any way be affected or impaired thereby.

15        12.  **Integration**.  This instrument shall constitute the entire Agreement between the

16   parties, and it is expressly understood and agreed that the Agreement has been freely and

17   voluntarily entered into by the parties hereto with the advice of counsel, who have explained

18   the legal effect of this Agreement.  The parties further acknowledge that no warranties or

19   representations have been made on any subject other than as set forth in this Agreement.  This

20   Agreement may not be altered, modified or otherwise changed in any respect except by writing,

21   duly executed by all of the parties or their authorized representatives.

22        13.  **Authority**.  The signatories to this Agreement have actual authority to bind the

23   parties.

24        14.  **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in**

25   **Employment Act**.  Plaintiff acknowledges that she has been given a reasonable period of time

26   to consider this Agreement.  Plaintiff acknowledges that she has up to twenty-one (21) calendar

27   days from the date she receives this Agreement to review and consider this Agreement, discuss

28   it with an attorney of her choice, and decide to sign it or not sign it, although she may accept or

1   return it to Defendant's counsel at any time within those twenty-one (21) days. Once Plaintiff

2   signs and dates this Agreement she will have seven (7) days in which to revoke her acceptance.

3   To revoke, Plaintiff must send a written statement of revocation which should be mailed and

4   faxed to:

5   Jennifer S Wang
    Assistant United States Attorney
6   450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
7   Fax: (415) 436-6748

8   Plaintiff understands that if she revokes, this Agreement shall have no effect. If Plaintiff does

9   not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date")

10  after the Plaintiff signs and dates this Agreement. Plaintiff is advised to consult her attorney

11  about the Agreement.

12

13  DATED:  ✗ 2/2/2010

14  _____
    MARTHA OUTLAW
    Plaintiff

15  DATED:  01-30-2010

16  _____
    STEPHEN J. DUGGAN
    Plaintiff's Attorney

17  DATED:  2/4/10

18  _____
    JENNIFER S WANG
19  Assistant United States Attorney
    Attorney for Defendant

20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22  Dated: February 10, 2010
    _____
23  HON. MAXINE M. CHESNEY
    United States District Judge

24

25

26

27

28

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C09-3262 MMC                    5